■ In the Matter of the Estate of OSVALD KOSEK, Deceased. MILENA PETROFOVA et al., by WOLF, POPPER, ROSS, WOLF & JONES, et al., Respondents; MARVIN J. ROSS, Individually and as Executor of OSVALD KOSEK, Deceased, Appellant.— Decree of Surrogate's Court, New York County, entered on October 7, 1970, herein appealed from, unanimously modified, on the law and the facts, to strike therefrom ordering paragraphs 1, 2, 3, 4, 5, 6, 7, 9 and to dismiss the petition. As so modified, the decree is otherwise affirmed, with $50 costs and disbursements to all parties filing briefs, payable out of the estate. The will of Osvald Kosek provided in paragraph "Fifth" thereof that the trust might be terminated upon the happening of either or both of two contingencies, neither of which has occurred. Paragraph "Eighth" of said will, as did paragraph "Fifth", provided, under certain circumstances, that payment or other transfer of property should not be withheld "in the event that it is decided by a court having jurisdiction that such payment or part payment or transfer of property can be safely made." Reading the will in its entirety, as we must, it is readily apparent that the testator's chief concern was that his niece and grand-nephew, beneficiaries of the testamentary trust, should be able to enjoy the benefits of his bequests. To that end, with the exception previously noted, the trustee was vested with a wide latitude of discretion. Paragraph "Eighth" made specific reference to section 269 of the Surrogate's Court Act (now SCPA 2218) and circumstances where it might appear that benefit, use or control of the property would be denied the beneficiaries or either of them. In such case, payment of money was to be withheld. In this application by the petitioners for a decree directing the executor-trustee to transmit the estate through the medium of Tuzek certificates, the Surrogate concluded that the transfer could safely be made. In so doing the Surrogate premised his determination in large part upon *Matter of Reidl* (23 A D 2d 171, app. withdrawn 16 N Y 2d 878), which approved the distribution of legacies to Czechoslovakian nationals by means of Tuzek certificates. He directed that a $5,000 payment be made to each beneficiary by means of the certificates, with leave to apply for transmission of further sums as desired. In effect this is the beginning of the termination of the trust by exhaustion of its assets. If the trust is to be terminated it should be in the manner provided for in paragraph "Fifth" of the instrument. Section 269 (now SCPA 2218) provides that the burden of proving that the alien beneficiary will receive the benefit of the money or property due him, rests upon the beneficiary or the person claiming from, through or under him. On this record we conclude that such burden has not been met successfully. If we were not modifying to dismiss the petition, we would in any event order a hearing to determine if the use of Tuzek certificates fulfills a condition per-

mitting the beneficiaries to fully and freely enjoy the benefits of the property provided by the trust instrument. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and McNally, JJ.